# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LUIS MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | No. 14 C 6191 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| THOMAS A. SPILLER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Luis Martinez has filed a petition pursuant to 28 U.S.C. § 2254 to set aside his conviction and sentence. For the reasons set forth below, the Court denies the petition.

## Background

In 2008, Martinez pleaded guilty to predatory criminal sexual assault and was sentenced to ten years in prison. (Pet. at 1.) He appealed, arguing that his due process rights were violated by the trial court's failure to hold an adequate fitness hearing and to inquire into Martinez's pre-plea claims of ineffective assistance of counsel. (*See* Gov't Ex. D, Br. & Arg. Def.-Appellant at 1, *People v. Martinez*, No. 1-09-1728). The appellate court affirmed the conviction. (*See* Gov't Ex. A, *People v. Martinez*, No. 1-09-1728 at 17 (Ill. App. Ct. June 30, 2011).) Martinez filed a petition for leave to appeal to the supreme court, arguing that his due process rights were violated by the trial court's failure to hold an adequate fitness hearing. (*See* Gov't Ex. G, Pet. Leave Appeal at 3.) The Illinois Supreme Court denied the petition. (*See* Gov't Ex. H, *People v. Martinez*, No. 112798 (Ill. Nov. 30. 2011).)

Thereafter, Martinez filed a post-conviction petition alleging that: (1) his trial counsel was ineffective because he did not allow plaintiff to plead not guilty and did not offer DNA evidence of Martinez's innocence; (2) his appellate counsel was ineffective for failing to investigate and present exculpatory DNA evidence; and (3) his due process rights were violated by the government's withholding of exculpatory evidence. (*See* Gov't Ex. X, Common Law Record, Pet. Post-Conviction Relief at C00022-35.) The trial court denied the petition. (*See* Gov't Ex. T, 11/16/12 Hr'g Tr. at F-2-3; Gov't Ex. Y, Common Law Record, Order Denying Post-Conviction Pet., *People v. Martinez*, No. 06 CR 3231 at 10 (Cir. Ct. Cook Cnty. Nov. 16, 2012).)

On appeal, Martinez's appointed lawyer moved to withdraw on the grounds that an appeal would be meritless. (*See generally* Gov't Ex. I, Mot. Withdraw.) Martinez responded, raising the same issues he had raised in his post-conviction petition. (*See generally* Gov't Exs. J, K, L, & M, Pet'r's Resp. Mot. Withdraw.) The appellate court granted the motion to withdraw and affirmed the denial of the post-conviction petition. (*See* Gov't Ex. B, *People v. Martinez*, No. 1-13-100 at 2 (Ill. App. Ct. Apr. 24, 2014).) Martinez filed a petition for leave to appeal to the Illinois Supreme Court, which was denied. (*See* Gov't Ex. N, Pet. Leave Appeal; Gov't Ex. O, *People v. Martinez*, No. 118507 (Ill. Jan. 28, 2015).)

## Discussion

Martinez's petition is a hodgepodge of arguments and exhibits, from which the Court has, to the best of its ability, distilled the following claims: (1) Martinez's due process were violated because he was charged with ordinary criminal sexual assault but convicted of predatory criminal sexual assault (Pet. at 2-3); (2) Martinez's trial counsel was ineffective because he told Martinez that

2

he was pleading guilty to ordinary, not predatory, criminal sexual assault (*id.* at 3); (3) Martinez's lawyer was ineffective because he told Martinez he would get a four-year sentence if he pleaded guilty; (*id.* at 2-4); (4) Martinez is actually innocent (*id.* at 9, 73); (5) Martinez's due process rights were violated because he was denied post-conviction DNA testing (*id.* at 19, 32, 41, 43-44, 46-47, 50, 58, 67, 73); (6) trial counsel was ineffective because he failed to present exculpatory DNA evidence (*id*. at 20, 26, 33, 72); (7) Martinez's due process rights were violated because the trial court forced him to plead guilty when Martinez was mentally unfit to do so (*id.* at 76, 78, 87); and (8) Martinez's trial counsel was ineffective because she had a conflict of interest and failed to raise claim 1 (*id.* 88, 92-93).

Martinez is entitled to § 2254 relief on these claims only if he asserted them "through one complete round of state-court review, either on direct appeal or in post-conviction proceedings." *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009). "This means that the petitioner must [have] raise[d] the [claims] at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.* at 1026. Martinez did not raise claims 1-3 or 7-8 in one complete round of state court review. Thus, those claims are procedurally defaulted.

The Court can nonetheless address the merits of the claims if Martinez shows cause for and prejudice from having failed to raise them in state court or that he is actually innocent, "*i.e.*, that no

reasonable juror would have found him guilty . . . but for the error(s) he attributes to the state court."
*Id.* at 1026. Because Martinez has done neither, the Court cannot review claims 1-3 or 7-8.[1]

Martinez fares no better with claim 5, that his due process rights were violated because he was denied post-conviction DNA testing.[2] The Supreme Court has held that there is no "freestanding . . . constitutional right" to post-conviction DNA testing. *Dist. Att'y's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 55 (2009). Moreover, though state law can create a protectible interest in DNA testing, the procedures for such testing violate due process only if they are fundamentally unfair. *Id.* at 69. Illinois law permits post-conviction DNA testing of evidence that was not previously tested if: (1) the defendant shows that identity was the issue in the plea that resulted in his conviction and the evidence to be tested has been subject to a sufficient chain of custody; and (2) the court determines that testing has the potential to produce new, noncumulative evidence that "would raise a reasonable probability that the defendant would have been acquitted if the [test] results . . . had been available prior to [his] guilty plea and [he] had proceeded to trial instead of pleading guilty" and the testing uses "[a] method generally accepted within the relevant scientific community." 725 Ill. Comp. Stat. 5/116-3. These procedures are similar to those upheld by the Supreme Court in *Osborne*. *See* 557 U.S. at 69-70. Thus, the state's failure to provide Martinez with post-conviction DNA testing is not a basis for § 2254 relief.

---

[1]Martinez's failure to demonstrate actual innocence to excuse his procedural default also dooms his fourth claim of actual innocence.

[2]Because of the disarray of the documents Martinez submitted throughout his criminal proceedings, it is not entirely clear that he fairly presented this claim to the state court. Assuming that he did, however, the state court did not address it (*see generally* Gov't Ex. Y, Common Law Record, Order Denying Post-Conviction Pet., *People v. Martinez*, No. 06 CR 3231 (Cir. Ct. Cook Cnty. Nov. 16, 2012)), so the Court analyzes it without reference to the state court record.

That leaves claim 6, that Martinez's trial counsel was ineffective because he failed to present exculpatory DNA evidence. With respect to this claim, the state court said:

> In examining claims of ineffective assistance of counsel, this court follows the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under this standard, the petitioner must show that counsel's representation fell below an objective standard of reasonableness, and . . . there is a reasonable probability that counsel's performance was prejudicial to the defense. . . .
>
> In the instant case, petitioner fails to establish any deficiency in counsel's advice. Petitioner's claim of a DNA mix-up is mere speculation. Contrary to petitioner's allegations, nothing in the record supports the conclusion that there was any mix-up with any DNA samples. In the testimony cited by petitioner, no one even suggested any such mistake. . . . Petitioner's claim is therefore merely a bald, conclusory allegation. . . .
>
> . . . [N]or does the record provide any support for the contention that counsel's performance was outside the range of reasonable competence in any way. Counsel had no evidence to support the argument that petitioner claims he should have made. Counsel made a valiant effort to suppress the second DNA sample, but the motion was denied, and the evidence against petitioner was thus damning. Counsel's advice to petitioner to plead guilty, far from objectively unreasonable, appears sound even in hindsight. The record certainly does not support any contention that counsel's advice fell below the standard of reasonable professional assistance. . . .
>
> Even if counsel's assistance fell below the standard of reasonable competence, petitioner has failed to establish that he suffered any prejudice as a result of counsel's deficient performance. . . . Petitioner utterly fails to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. As the above discussion demonstrates, the alleged new evidence that the first CODIS database sample attributed to petitioner did not actually belong to him did not prove his innocence. The second DNA sample remained as damning evidence of his guilt. . . . This court cannot imagine why petitioner would have elected to turn down the plea agreement and proceed to trial on the basis of evidence that would have done nothing to prevent a jury from finding him guilty. Because the outcome of the proceeding would not have been different, petitioner was not prejudiced by any error counsel may have committed.

(*See* Gov't Ex. C, *People v. Martinez*, No. 06 CR 3231 at 6-8 (Cir. Ct. Cook Cnty. Nov. 16, 2012).) Because the state correctly identified the controlling legal standard and reasonably applied it to the facts of Martinez's case, he is not entitled to habeas relief on this claim.

5

## Conclusion

For the reasons set forth above, the Court denies Martinez's § 2254 petition and declines to issue a certificate of appealability because Martinez has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  This case is terminated.

**SO ORDERED.**                                              **ENTERED:  April 16, 2015**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**